Per Curiam.

The record before the Public Service Commission justified the increase of 5% in the electric tariffs of the Consolidated Edison Company over those approved in the prior proceeding reviewed in Matter of City of New York v. Public Serv. Comm. (17 A D 2d 581, mot. for lv. to app. den. 13 N Y 2d 594).
The rate of return sustained in that proceeding was found by the commission substantially unchanged in the relatively short time before the test period in this ease, and the proof before the commission showed that the actual return earned by the company fell below the return projected for the future in the earlier proceedings. There is also substantial evidence in the record to justify the commission’s determinations of items included in the rate base to which appellant Housing Authority objects.
The commission was unduly restrictive, however, in refusing the City of New York, which was a party to the proceeding in the interest of its citizens as a matter of right (Public Service Law, § 109), and the Housing Authority, which was one of the largest of the company’s consumers of electricity, access to factual material which played a part in the rate decision.
These parties were adversaries to the company before the commission and the right of plenary inquiry ought to have been afforded them into the facts on which the proposed increase in tariffs was to be based.
In the city’s application as an adverse party to examine the underlying data which supported the company’s exhibits in evidence, it is not an adequate ground for denial to say that the commission’s staff checked the data, or that the company had complied with record-keeping procedures of the commission. The commission has adequate power to see to it that such an examination would not delay the progress of an investigation into rates.
On the Housing Authority’s application, the bank’s basis for fixing the company’s required balance which was reflected in part of the rate base was a proper subject of inquiry.
*249 In remitting the proceeding to the commission to afford opportunity for these inquiries, the tariffs as approved should stand subject to appropriate adjustment to be effected by the commission if, as a result of such additional proof, it finds a different rate is warranted.
The order should be modified accordingly, without costs, and the proceeding remitted to the commission.
Chief Judge Desmond and Judges Fuld, Burke, Scileppi, Bergan and Keating concur in Per Curiam opinion; Judge Van Voorhis dissents and votes to affirm for the reasons stated in the opinion at the Appellate Division.
Order modified and, as so modified, affirmed, without costs, and matter remitted to the commission for further proceedings in accordance with the opinion herein.